# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| UNITED STATES OF AMERICA | § | Criminal No. |
|---|---|---|
| v. | § | |
| | § | SA-09-CR-475 OLG |
| JASON LEE PERRY | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING REQUEST FOR BOND

The matter before the court is defendant's request for bond (docket entry 52) which I have construed as a motion to reconsider the order of detention entered on November 5, 2009 (docket entry 35). Both the government and Pretrial Services have communicated their opposition to the motion.

In support of the motion defendant argues that there has been a substantial change in circumstances since November 2009 when I held a bond hearing and detained defendant pending trial based on flight and dangerousness. Specifically defendant explains that there are no longer outstanding warrants and the probability of his attempting to flee is mitigated by health issues. He asks that he be released and required to reside at the halfway house pending sentencing.

Although there is no explicit authority for the court's reconsideration of an order of detention, 18 U.S.C. Sec. 3142(f) states that a hearing may be reopened "if the judicial officer finds that information exists what was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other perso and the community."

After a defendant has been found guilty of the charged offense, he bears the burden of

establishing by clear and convincing evidence that his release does not present a risk of flight or danger to the community. 18 U.S.C. Sec. 3143(a).

After reviewing my order of detention and the procedural history of the case, I will DENY the motion to reconsider. Defendant has plead guilty to counts one and two of the indictment charging bank fraud. Sentencing is set for April 29. With defendant's plea, he now bears the burden of proof to establish entitlement to bond. The reasons for detention noted in the November 2009 detention order compel denial of the current motion. Defendant's prior convictions, history of noncompliance with release conditions, and the nature of these charges demonstrate defendant is not likely to abide by any conditions of bond I might set. Neither his medical condition or the fact that warrants have been lifted change my assessment of the risk presented by his release.

Accordingly, the motion to reconsider is ORDERED DENIED.

**SIGNED on February 18, 2010.**

_____
**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**